IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIAM A. BRADFORD, JR.                                                                                      PLAINTIFF

       v.                              Civil No. 4:10-cv-04162

OFFICER JIMMY SMITH, Hempstead
County Detention Facility; SGT. JEREMY
BROWN, Hempstead County Detention
Facility; LT. STEVEN GLOVER, Hempstead
County Detention Facility; and CPT.
JOHNNY GODBOLT, Hempstead County
Detention Facility                                                                                                    DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

William Bradford filed this case pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable P.K. Holmes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation. Separate Defendants Sergeant Jeremy Brown, Lieutenant Steven Glover, and Captain Johnny Godbolt filed a motion for judgment on the pleadings (ECF No. 14) pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff has not responded to the motion. The motion is before me for issuance of this report and recommendation.

### 1. Background

According to the allegations of the complaint (ECF No. 1), on September 16, 2010, at approximately 2:30 p.m., the pod Plaintiff was housed in was flooded. *Id.* at pg. 5. Water was in the day-room area and in Plaintiff's cell. *Id.* at pg. 5. At that time, Plaintiff alleges that Officer Jimmy Smith opened Plaintiff's cell door and told him that the water was going to stay in his cell. *Id.* When Plaintiff responded that he didn't care, he states Officer Smith began "talking bad" to him

and saying Plaintiff was going to prison. *Id.* At that point, Plaintiff alleges Officer Smith told the other inmates in the pod that he would pay whatever they wanted to knock the Plaintiff out. *Id.* at pgs. 4-5.

Officer Smith then opened the Plaintiff's cell door and instructed him to clean the water up. ECF No. 1 at pg. 5. When Plaintiff came out of his cell to get a mop, he states he was "blind sided." *Id.* Plaintiff did not see who hit him and when he "came to" he was lying on the wet floor with his cell door closed. *Id.* Plaintiff had three teeth knocked loose and a hole in his lip. *Id.*

After the assault, Lieutenant Glover took pictures. ECF No. 1 at pg. 5. Plaintiff submitted an complaint sheet (grievance) to Sergeant Brown. *Id.* Plaintiff received no response. *Id.* at pg. 4.

Plaintiff alleges he then contacted Lieutenant Glover about the incident and was told the complaint had been forwarded to Captain Godbolt for action. ECF No. 1 at pg. 4. Although Plaintiff received a response from Captain Godbolt, Plaintiff alleges he was "not pleased" with his response. *Id.* Captain Godbolt's response was that Officer Smith would never put a hit out on an inmate. *Id.* at pg. 6. Further, Captain Godbolt stated he had watched the incident on camera and did not see anyone hit the Plaintiff. *Id.*

### 2. Applicable Standard

On a motion for judgment on the pleadings, a court applies the same standard as in a 12(b)(6) motion for failure to state a claim. *Glover v. Merck & Co., Inc.*, 345 F. Supp. 2d 994, 996 (D. Minn. 2004)(*citing St. Paul Ramsey County Medical Ctr. v. Pennington County, S.D.*, 857 F.2d 1185, 1187 (8th Cir. 1988)). Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is

plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1940 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 129 S. Ct. at 1949). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

### 3. Discussion

Defendants Brown, Glover, and Godbolt contend they are entitled to judgment in their favor because they are not alleged to have been involved in the incident and were merely made aware of it later by means of an inmate complaint. As they cannot be held liable under a theory of *respondeat superior*, they maintain they are entitled to judgment as a matter of law.

I agree. There is no *respondeat superior* liability under § 1983. *See e.g., Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993). "Supervisors can, however, incur liability . . . for their personal involvement in a constitutional violation, or when their corrective inaction amounts to deliberate indifference to or tacit authorization of the violative practices." *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010)(internal quotation marks and citations omitted). In this case, the complaint is completely devoid of any basis of liability against Defendants Brown, Glover and Godbolt.

### 4. Conclusion

For the reasons stated, I recommend that the motion for judgment on the pleadings (ECF No. 14) filed by Separate Defendants Brown, Glover, and Godbolt be granted and all claims against them

be dismissed. This will leave for later resolution the claims against Officer Jimmy Smith.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **27th day of September 2011.**

                                                /s/ Barry A. Bryant
                                                HON. BARRY A. BRYANT
                                                UNITED STATES MAGISTRATE JUDGE