IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

WILLIAM A. BRADFORD, JR.                                                                    PLAINTIFF

v.                        Civil No. 4:10-cv-04162

OFFICER JIMMY SMITH                                                                         DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff William A. Bradford filed this case *pro se* and *in forma pauperis* on November 17, 2010, under 42 U.S.C. § 1983.  ECF No. 1.  Now before the Court is Defendant's Motion to Dismiss.  ECF No. 28.  Plaintiff has not responded to the Motion.

Pursuant to the provisions of 28 U. S. C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.  For the following reasons, it is the recommendation of the undersigned that the above style case be dismissed with prejudice.

### I.    BACKGROUND

At the time he filed his Complaint, Plaintiff was an inmate of the Hempstead County Jail and Detention Center.  On November 17, 2010, the Court issued an Order advising Plaintiff that he had an obligation to immediately notify the Court of any change in his address.  Plaintiff was also advised that failure to inform the Court of a change of address could result in the dismissal of this case.  ECF No. 3.

1

In January 2011, Plaintiff informed the Court he was transferred and provided the Court with his new address at Addict Ministries in Tyler, Texas. The Court directed the Clerk to change Plaintiff's address of record to the Tyler, Texas facility. ECF No. 8. On June 22, 2011, Defendant filed a Notice of Returned Mail stating that mail sent to Plaintiff's address of record in Tyler, Texas was returned as undeliverable. ECF No. 20. Defendant then filed a Motion to Compel stating that Plaintiff had not responded to discovery requests sent to his address of record in Tyler, Texas. ECF No. 23. Even though the Court did not receive any returned mail sent to Plaintiff's Tyler, Texas address, Defendant's Motion to Compel prompted the Court to research Plaintiff's current residence. On May 2, 2012, the Court discovered that Plaintiff was no longer incarcerated at the Tyler, Texas facility and entered a Show Cause Order and Change of Address. ECF No. 25. The Court directed the Clerk to change Plaintiff's address of record to the address the Court determined as his current residence.[1] The Court allowed the Plaintiff until May 15, 2012 to show cause why this action should not be dismissed based on his failure to keep the Court informed of his current address. Plaintiff was again advised that failure to respond to the Order to Show Cause could result in the dismissal of the case. ECF No. 25. The Order to Show Cause and Change of Address was not returned to the Court as undeliverable and Plaintiff did not file a response.

Defendant filed a Motion to Dismiss on June 5, 2012. ECF No. 28. In the Motion, Defendant asserts that Plaintiff has failed to comply with the Court's May 2, 2012 Order compelling Plaintiff to respond to Defendant's discovery request by May 30, 2012. In the Order,

---

[1] The Court changed Plaintiff's address of record to the last address he provided to the Hempstead County Detention Center in January 2012.

2

the Court again advised Plaintiff that failure to comply could result in the dismissal of this case. ECF No. 26. Plaintiff did not file a response to Defendant's Motion to Dismiss. Plaintiff has not communicated with the Court since January 2011, and has not provided a change of address to the Court.

## II.　APPLICABLE LAW

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (the district court posses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only the he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

## III.　DISCUSSION

As demonstrated above, Plaintiff has failed to comply with the Orders of the Court, despite multiple warnings that failure to respond to the Court's Orders could result in dismissal of this case. No mail has been returned to the Court as undeliverable, and the address the Court has on

3

record for Plaintiff was used by him as recently as January 2012. With no indication to the contrary, the Court finds that Plaintiff received the Court's Orders to Show Cause and Compel (ECF Nos. 25 and 26) and intentionally disobeyed those Orders by failing to respond to either. Furthermore, even if Plaintiff did not receive the Orders to Show Cause and Compel it was due to Plaintiff's failure to comply with the Court's original Order directing Plaintiff to "immediately inform the Court of any change of address" and advising Plaintiff that failure to do so "may result in the dismissal of this case." ECF No. 3.

Lastly, Plaintiff has failed to prosecute this case. He has not filed a document or communicated with the Court in approximately seventeen (17) months, and he failed to respond to (1) Separate Defendants Brown, Glover, and Godbolt's Motion for Judgment on the Pleadings (ECF No. 14), (2) the Report and Recommendations to Grant the Motion for Judgment on the Pleadings (ECF No. 21), (3) Defendant Jimmy Smith's Motion to Compel (ECF No. 23), (4) the two Court Orders mentioned above (ECF Nos. 25 and 26), and (5) Defendant Smith's Motion to Dismiss (ECF No. 28). Plaintiff has been provided adequate notice and opportunity to respond. Accordingly, this case should be dismissed for failure to follow the Court's Orders and failure to prosecute.

### IV. CONCLUSION

For the foregoing reasons, I recommend the Defendant's Motion to Dismiss (ECF No. 28) be **GRANTED** and the above styled case be **DISMISSED** with prejudice on the grounds that Plaintiff has failed to comply with the Court's Orders and prosecute this action. *See* Fed. R. Civ. P. 41(b).

**Plaintiff has fourteen days from receipt of the report and recommendation in which**

to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.

      DATED this 20th day of June 2012.

                                                /s/ Barry A. Bryant
                                                HON. BARRY A. BRYANT
                                                UNITED STATES MAGISTRATE JUDGE